```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 09-1604(DSD/RLE)
```

Hanifi Marlow Jihad,

      Plaintiff,

v.                                                         **ORDER**

Commissioner Joan Fabian,
Assistant Commissioner
David Crist, MCF-Stillwater
Warden John King, Assoc.
Warden Eddie Miles, Program
Director Bruce Julson, Program
Director David Reishus,
Religious Cord. Gregory Skrypek,
Chaplain Norris Blackmon, and
Assoc. Warden Michelle Smith,

      Defendants.

      This matter is before the court upon pro se plaintiff Hanifi Marlow Jihad's ("Jihad") objections to the December 23, 2009, report and recommendation of United States Magistrate Judge Raymond L. Erickson. In his report, the magistrate judge recommends that Jihad's motion for a temporary restraining order or preliminary injunction be denied. For the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

      Jihad is a state prisoner incarcerated at the Minnesota Correctional Facility in Stillwater ("MCF-STW"). On June 24, 2009, Jihad commenced this action pursuant to 42 U.S.C. § 2000cc and 42

U.S.C. § 1983, alleging that defendants Joan Fabian and Michelle Smith (collectively, "defendants")[1] violated his right to practice his religion - Islam - under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, Fourteenth Amendment, the Minnesota Constitution and various criminal statutes. Specifically, Jihad argues that MCF-STW policies infringe his religious practice by: failing to provide a Muslim chaplain and an adequate number of Islamic services; prohibiting religious meetings without a volunteer present; failing to provide Halal meals and a location where he may perform five daily salat (prayers); and prohibiting him from wearing a Kufi (prayer cap) or an Islamic medallion outside of his clothing. Jihad seeks a temporary restraining order or preliminary injunction directing MCF-STW to facilitate his religious practice. In his report, the magistrate judge recommends against injunctive relief on the basis that Jihad's claims are unlikely to succeed on the merits and because he cannot establish irreparable harm. The court now considers Jihad's objections to the magistrate judge's report.

---

[1] The remaining defendants, Assistant Commissioner David Crist, MCF-STW Warden John King, Associate Warden Eddie Miles, Program Director Bruce Julson, Program Director David Reishus, Religious Coordinator Gregory Skrypek and Chaplain Norris Blackmon have not yet made an appearance in this case. (R&R at 2.)

**DISCUSSION**

**I. Standard of Review**

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). Injunctive relief is an extraordinary remedy, and the movant bears the burden of establishing the propriety of an injunction. See Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The court considers four factors in determining whether an injunction should issue: (1) the threat of irreparable harm to the movant in the absence of relief; (2) the balance between that harm and the harm that the relief may cause the non-moving party; (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

**II. RLUIPA and First Amendment Claims**

The RLUIPA and the First Amendment protect the right of prison inmates to freely exercise their religion. See Singson v. Norris, 553 F.3d 660, 662 (8th Cir. 2009). To establish violations of the RLUIPA and First Amendment, Jihad must demonstrate that the prison policies at issue substantially burden his ability to practice his religion. See Gladson v. Iowa Dep't of Corrs., 551 F.3d 825, 833 (8th Cir. 2009). A substantial burden exists if the prison policy significantly inhibits or constrains religious conduct,

meaningfully curtails an inmate's ability to express adherence to his faith, or denies an inmate reasonable opportunities to engage in fundamental religious activities. See Van Wyhe v. Reisch, 581 F.3d 639, 656 (8th Cir. 2009) (citation and quotation omitted). Under the RLUIPA, once a plaintiff makes such a showing, the burden shifts to the government to demonstrate that the prison policy is the least restrictive means of achieving a compelling government interest. See 42 U.S.C. § 2000cc-1(a)(1)-(2); Van Wyhe, 581 F.3d at 648-49. A prison policy that satisfies the RLUIPA's strict scrutiny test necessarily satisfies the rational basis test applied for First Amendment purposes. See Gladson, 551 F.3d at 831 (under First Amendment, government must show that prison policy is reasonably related to a legitimate penological objective).

### A. Muslim Chaplain and Islamic Services

Jihad first objects to the magistrate judge's conclusion that he failed to establish a substantial burden based on the availability of a Muslim chaplain and the frequency of Islamic services. Specifically, Jihad argues that his religious practice is substantially burdened because there is no Muslim chaplain at MCF-STW, only two Islamic services are offered per week, and MCF-STW requires an approved volunteer to be present during all religious activities.

The court first addresses the availability of a Muslim chaplain. It is well established that prisoners do not have a

4

constitutional right to the religious advisor of their choice. See Blair-Bey v. Nix, 963 F.2d 162, 163-64 (8th Cir. 1992), cert. denied 506 U.S. 1007 (1992). Further, Jihad has not alleged that his only opportunity for group worship is under guidance that contradicts or inhibits his religious beliefs. See Weir v. Nix, 114 F.3d 817, 821 (8th Cir. 1997) ("Only when a prisoner's sole opportunity for group worship arises under the guidance of someone whose beliefs are significantly different from his own is there a possibility that the prisoner's free exercise rights are substantially burdened.") Therefore, the magistrate judge correctly determined that the lack of a Muslim chaplain does not rise to the level of a substantial burden.

With respect to the frequency of Islamic services, the magistrate judge appropriately found that two Islamic services per week afford Jihad a reasonable opportunity to practice his faith. See id. (three hours of group worship per week provided reasonable opportunity to practice religion). Furthermore, the requirement that religious activities be led by approved volunteers does not constitute a substantial burden. Cf. Tisdale v. Dobbs, 807 F.2d 734, 738-39 (8th Cir. 1986) (upholding prison requirement that volunteer supervise religious services). Therefore, the court overrules Jihad's objections.

**B. Chapel Access**

In his report, the magistrate judge concluded that Jihad's sincerely held religious beliefs prohibit him from praying in a room with a toilet and also require him to perform five daily salat. (R&R at 20.) The magistrate judge then found that defendants' refusal to allow Jihad to pray outside of his cell - which contains a toilet - five times a day substantially burdens his religious practice. (Id. at 20-21.) The magistrate judge concluded, however, that prison safety and security requirements provided a compelling justification for that burden. (Id. at 21.) Jihad objects.

The court agrees with the magistrate judge that the safety of prison inmates and staff would be jeopardized by the increased movement of prisoners if inmates were allowed to leave their cells five times a day to pray. In addition, MCF-STW's policy of allowing prayer during scheduled worship services or, alternatively, within the confines of an inmate's cell, is the least restrictive means of achieving the defendants' compelling interest in safety and security. See Singson, 553 F.3d at 662 ("Prison safety and security are compelling government interests."). Accordingly, Jihad's objection has no merit.

**C. Religious Garments**

Jihad next objects to the magistrate judge's determination that MCF-STW policies prohibiting him from wearing a Kufi or

displaying an Islamic medallion while outside his cell are not a substantial burden. Jihad, however, has presented insufficient evidence to support a finding that these policies substantially burden his religious practice. Furthermore, even if a substantial burden existed, the compelling interest of prison safety and security justify these narrowly-tailored regulations, which prohibit the display of the Kufi and medallion outside of an inmate's cell, but allow an inmate to freely wear these items within his cell. Therefore, the court overrules Jihad's objection.

In summary, the court determines that the magistrate judge appropriately found that Jihad is unlikely to succeed on the merits of his RLUIPA and First Amendment claims. Accordingly, the court adopts the magistrate judge's recommendation that injunctive relief is not warranted with respect to these claims.

**III. Remaining Objections**

Lastly, Jihad generally objects to the magistrate judge's conclusion that his claims under the Fourteenth Amendment, Minnesota Constitution and various criminal statutes are unlikely to succeed on the merits. Jihad also disputes the magistrate judge's finding that he has not exhausted his administrative remedies with respect to his claims regarding Halal meals. The court has carefully reviewed Jihad's objections as well as the magistrate judge's recommendations, and determines that the report is well-reasoned and correctly disposes of these issues. The court

7

therefore overrules Jihad's remaining objections, and declines to issue injunctive relief with respect to Jihad's remaining claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's report and recommendation [Doc. No. 86] is adopted in its entirety; and

2. Jihad's motion for a temporary restraining order or preliminary injunction [Doc. No. 4] is denied.

Dated: January 21, 2010

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court