UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Hanfi Marlow Jihad,

               Plaintiff,

vs.

Commissioner Joan Fabian,
Assistant Commissioner David
Crist, MCF-Stillwater Warden
John King, Assoc. Warden Eddie
Miles, Program Director Bruce
Julson, Program Director David
Reishus, Religious Cord. Gregory
Skrypek, Chaplain Norris
Blackmon, and Assoc. Warden
Michelle Smith,

               Defendants.           Civ. No. 09-1604 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Second Motion for a Temporary

Restraining Order or a Preliminary Injunction. See, Docket No. 44. For these purposes, the Plaintiff appears pro se, and the Defendants appear by Angela Behrens, Assistant Minnesota Attorney General, with Defendants David Crist ("Crist"), John King ("King"), Eddie Miles ("Miles"), Bruce Julson ("Julson"), David Reishus ("Reishus"), Gregory Skrypek ("Skrypek"), and Norris Blackmon ("Blackmon") making only a special appearance, due to an alleged lack of proper service. For reasons which follow, we recommend that the Plaintiff's Second Motion for a Temporary Restraining Order or a Preliminary Injunction be denied.

## II. Factual and Procedural Background

The Plaintiff, a Minnesota State prisoner who is incarcerated at the Minnesota Correctional Facility, in Stillwater, Minnesota ("MCF-Stillwater"), commenced this action, in which he alleges that the Defendants have violated his rights under the First Amendment, the Fourteenth Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), see, Title 42 U.S.C. §2000cc, et al., and the Minnesota Constitution, during his incarceration at MCF-Stillwater, which is a Level 4 facility. Specifically, the Plaintiff contends that Minnesota Department of Corrections Directive 302.300 ("Directive 302.300") is unconstitutional as applied to him, because it infringes upon his ability to practice his religion, Islam, by prohibiting

him from wearing his kufi (prayer cap),and his Islamic medallion outside of his clothing, while he is outside of his cell or engaged in religious services; by failing to provide him with Islamic Halal meals; by failing to provide him with a location which does not contain a toilet where he may perform his five (5) daily salat (prayers); by prohibiting religious meetings without a volunteer present; and by failing to hire a Muslim Chaplain. See, <u>First Amended Complaint, Docket No. 11, and proposed Second Amended Complaint Docket No. 42-1</u>.

In our Order, which we issued contemporaneously with this Report and Recommendation, we granted the Plaintiff's Second Motion to Amend the Complaint, in part. As a result, in addition to the claims presented in his First Amended Complaint against Defendants Joan Fabian ("Fabian") and Michelle ("Smith"), in their individual and official capacities, which were properly repeated in the proposed Second Amended Complaint, the Plaintiff also raises claimed violations of his rights, under the RLUIPA, against Crist, King, Miles, Julson, Reishus, Skrypek, and Blackmon, in their official capacities only, as to the restriction on the Plaintiff's five (5) daily prayers, and a violation of the Minnesota Constitution, with respect to the Plaintiff's five (5) daily prayers, in those Defendants' official and individual capacities.

In his Second Motion to Amend, the Plaintiff also sought to add a claim for retaliation, conspiracy, and due process violations, against King, Miles, Reishus, Skrypek, Blackmon, and Smith, as well as other proposed Defendants, as to disciplinary action, which was taken against him, for a violation of Section 300.1003(G)(8) of DOC Directive 300.100, which prohibits inmates from transferring funds to other inmates. Finding the retaliation, conspiracy, and due process claims to be meritless, because the Plaintiff did not dispute that several other inmates had sent their own money to the Clerk of Court in order to pay the filing fee for the instant action, which the Plaintiff alone commenced, we denied the Motion to Amend with respect to those claims, on futility grounds.

As the Plaintiff's pleadings currently stand, in addition to the claims raised in the First Amended Complaint against Smith and Fabian, and repeated in the Second Amended Complaint, which has now superseded the First Amended Complaint, the Plaintiff has stated claims for violations of the RLUIPA, and the Minnesota Constitution's Freedom of Conscience Clause, which relate to the restrictions on his five (5) daily prayers. Most importantly for purposes of the Second Motion for a Temporary Restraining Order, the Plaintiff has not stated viable claims that relate to a post-filing disciplinary proceeding against him at MCF-Stillwater.

Concurrent with his Second Motion to Amend, the Plaintiff filed a Second Motion for a Temporary Restraining Order, with supporting Affidavits. See, Docket Nos. 44-48. In that Motion, the Plaintiff requests that the Court direct the Defendants to withdraw the disciplinary report, which pertains to the incident described above; to reinstate him to his prior job assignment, at the same pay scale; and "to cease forthwith any and all retaliatory practices," that are related to the Plaintiff's prosecution of this lawsuit.[1] See, Motion for Temporary Restraining Order, Docket No. 44, at p. 1 of 11. The Defendants have filed a responsive Memorandum, in which they oppose the Second Motion for a Temporary Restraining Order, see, Docket No. 65, and have filed supporting Affidavits. See, Docket Nos. 67-69.

### III. Discussion

A. Standard of Review. As noted, the Plaintiff requests a Temporary Restraining Order that directs the Defendants to vacate and expunge the disciplinary decision, which he contends was retaliatory, and in violation of his First Amendment right of access to the Courts. See, Plaintiff's Motion, supra at p. 1 and 2 of 11.

---

[1] The Second Motion for a Temporary Restraining Order references multiple plaintiffs. In our recent Order, we denied the Plaintiff's Motion to Amend so as to name additional plaintiffs, and accordingly, we construe the Motion for a Temporary Restraining Order as only seeking relief with respect to the named Plaintiff -- Hanifi Marlow Jihad.

- 5 -

However, since the Defendants have received notice of the Plaintiff's request for relief, and have filed a response to his request, we construe the Plaintiff's request as a Motion for Preliminary Injunction. See, <u>Walarath v. United States</u>, 830 F. Supp. 444, 445 (N.D. Ill. 1993), citing, <u>Levas and Levas v. Village of Antioch</u>, 684 F.2d 446, 448 (7th Cir. 1982); <u>Akbar v. Borgen</u>, 796 F. Supp. 1181, 1185 (E.D. Wis. 1992) (citing same).

The Courts have enumerated the critical showings for a Motion for a Preliminary Injunction as follows:

>1) irreparable injury to the movant;
>
>2) the balance between the injury and the harm that the preliminary injunction will cause to the other parties;
>
>3) the movant's probability of success on the merits; and
>
>4) the public interest.

<u>Vonage Holdings Corp. v. Nebraska Public Service Commission</u>, 564 F.3d 900, 904 (8th Cir. 2009), quoting <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981); <u>Stuart Hall Co., Inc. v. Empt Corp.</u>, 51 F.3d 780, 783 n.2 (8th Cir. 1995), citing <u>Calvin Klein Cosmetics Corp. v. Lenox Lab.</u>, 815 F.2d 500, 503 (8th Cir. 1987); see also, <u>Roberts v. Van Buren Public Schools</u>, 731 F.2d 523, 526 (8th Cir. 1984); <u>Ferry-Morse Seed Co. v. Food Corn, Inc.</u>, 729 F.2d 589, 592 (8th Cir. 1984).

"A preliminary injunction is an extraordinary remedy, see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987), and the burden of

establishing the propriety of an injunction is on the movant." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003), citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998), citing Sanborn Mfg. Co., Inc. v. Campbell Hausfield/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993), and Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc., supra at 503.

When seeking a Preliminary Injunction, the burden on the movant "'is a heavy one where, as here, granting the preliminary injunction will give [the movant] substantially the relief [he] would obtain after a trial on the merits.'" Sanborn Mfg. v. Campbell Hausfeld/Scott Fetzer Co., supra at 486, quoting Dakota Indus., Inc. v. Ever Best Ltd., 944 F.2d 438, 440 (8th Cir. 1991).

Further, the "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins Inc., v. Lewis, supra at 844, citing Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996). "When there is an adequate remedy at law, a preliminary injunction is not appropriate." Id., citing Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989), superseded on other grounds, Minnesota Statute

§80C.21. In addition, "an injunction cannot issue if there is no chance of success on the merits[.]" Mid-America Real Estate Co. v. Iowa Realty Co., 406 F.3d 969, 972 (8th Cir. 2005), citing Firefighters Local Union No. 1784 v. Stotts, 457 U.S. 561, 589 (1984)(O'Connor, J., concurring), and AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002).

"In the context of First Amendment cases, courts normally assume irreparable injury because '[t]he loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes irreparable injury.'" Wickersham v. City of Columbia, Missouri, 371 F. Supp.2d 1061, 1075 (W. D. Mo. 2005), quoting Elrod v. Burns, 427 U.S. 347, 373 (1976). However, "[u]nder the Eighth Circuit's interpretation of Elrod, irreparable harm exists '[i]f [the plaintiffs] **are correct and their First Amendment rights have been violated.**'" Education Minnesota Lakeville v. Independent School District No. 194, 341 F. Supp.2d 1070, 1080 (D. Minn. 2004)[emphasis in original], quoting Marcus v. Iowa Public Television, 97 F.3d 1137, 1140-41 (8th Cir. 1996).

Accordingly, in determining whether irreparable harm has been established, and whether a preliminary injunction is warranted, we focus our attention on the likelihood that the Plaintiff will succeed on the merits of his claims. See, Wickersham v. City of Columbia, Missouri, supra at 1075 ("[B]ecause of the inherent public

interest in free speech and the threat of irreparable injury if speech is suppressed, courts rarely focus on the three latter Dataphase factors; instead they look primarily to whether the party seeking the preliminary injunction is likely to succeed on the merits."), referencing Dataphase Systems, Inc. v. CL Systems, Inc., supra at 114.

B. Legal Analysis. In his Motion papers, the Plaintiff contends that his First Amendment right of access to the Courts for redress of grievances was violated by the commencement of the disciplinary action against him, and that the Defendants have conspired to deprive him of his constitutional rights. See, Motion, Docket No. 44, at p. 8 of 11. The Defendants maintain that the Plaintiff's claims are without merit, and that he is not entitled to preliminary injunctive relief. We agree.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits[;] * * * [t]hus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); see also, Hale v. Wood, 89 F.3d 840 at *1 (8th Cir. 1996)[Table Decision](affirming denial of a preliminary injunction for alleged retaliation, due to an insufficient connection to the allegations in the Complaint).

Here, the Plaintiff claims injuries that resulted from a disciplinary action that occurred after this lawsuit was commenced, and that is unrelated to the claims in his Second Amended Complaint, which are based entirely upon the Defendants' allegedly illegal restrictions on the Plaintiff's religious practices. As such, the alleged retaliatory conduct cannot support temporary injunctive relief, so as to maintain the status quo with respect to the claims of the Second Amended Complaint, and we recommend denial of the Motion on that basis. See, <u>Devose v. Herrington</u>, supra at 471 ("Although these new assertions [of retaliation] might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); see also, <u>Cincoski v. Richard</u>, 2010 WL 31726 at *3 (E.D. Ark., January 4, 2010)(denying a Motion for Preliminary Injunction, because the allegations of retaliation had "no nexus to the underlying conduct giving rise to the [Eighth Amendment] claims asserted in his Complaint.").

Moreover, for the same reasons which led us to deny the Plaintiff's Second Motion to Amend so as to add claims related to the disciplinary action, we find that the Plaintiff has no chance of success on the merits of his contention that the Defendants retaliated against him for filing the instant lawsuit when they imposed prison sanctions for his violation of Section 300.1008(G)(8).

Specifically, where a prisoner claims a disciplinary action was undertaken in retaliation, he " has a cause of action when the prisoner alleges that prison officials filed disciplinary charges based upon false allegations against the prisoner in retaliation for the prisoner's participation against prison officials." Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), cert. denied, 515 U.S. 1145 (1995). However, "'if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail.'" Id., citing Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), cert denied. 512 U.S. 1209; see also, Moore v. Plaster, 266 F.3d 928, 931 (8th Cir. 2001), cert. denied, 535 U.S. 1037 (2002); Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008)("[C]laims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule."), citing Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990).

Here, the Plaintiff does not dispute that other inmates at MCF-Stillwater contributed their own funds to the filing fee for this lawsuit, which the Plaintiff alone commenced. See, Proposed Amended Complaint, Docket No. 42-1, at p. 10 of 21; Plaintiff's Memorandum of Law in Support of Amended Complaint, Docket No. 43, at p. 3 of 22. Directive 300.1003(G)(8) states that inmates are prohibited from

transferring funds to one another without permission from prison officials, and this language plainly includes a payment to satisfy the financial obligations of other inmates. See, <u>Sandra Leuth Affidavit, Docket No. 68, Exhibit 1</u>, at p. 8 of 19. As a consequence, the Defendants imposed discipline upon the Plaintiff "for an actual violation of prisoner rules or regulations," and his claim of retaliation has no chance of success on its merits.

Accordingly, finding that the Plaintiff's Second Motion for a Temporary Restraining Order is inadequately related to the claims presented in his Second Amended Complaint, and that, even if it were so related, that the Plaintiff has no chance of success on the merits of that claim, we recommend that the Motion for injunctive relief be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Second Motion for Temporary Restraining Order or Preliminary Injunction [Docket No. 44] be denied.

Dated: March 30, 2010                      *s/Raymond L. Erickson*
                                                          Raymond L. Erickson
                                                          CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 13, 2010** a writing which specifically identifies those portions of the Report to which objections are made and the bases for those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of the Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than April 13, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.