UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

Hanifi Marlow Jihad,

        Plaintiff,

vs.

Commissioner Joan Fabian,
Asst. Commissioner David Crist,
Warden John King,
Assoc. Warden Eddie Miles,
Program Director Bruce Julson,
Program Director David Reishus,
Religious Cord. Gregory Skrypek,
Chaplain Norris Blackmon,
and Assoc. Warden Michelle Smith,

        Defendants.        Civ. No. 09-1604 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motions of the Plaintiff Hanfi Marlow Jihad ("Jihad") for an Entry of Default, for a Default Judgment, and for a "Protection Order," which

we construe as a Motion for Preliminary Injunctive Relief. See, Docket Nos. 91, 101 and 106. For reasons which follow, we recommend that the Motions be denied.

II. Factual and Procedural Background.

The Plaintiff filed his Complaint on June 24, 2009. See, Docket No. 1. The Plaintiff then moved to amend that Complaint, in order to add Associate Warden Michelle Smith ("Smith") as a Defendant, and we granted that Motion on August 4, 2009, since the Plaintiff could, at that time, amend his pleading as a matter of right. See, Docket No. 13. Thereafter, the Plaintiff filed a handwritten Amended Complaint, but he plainly intended that pleading to be an addendum to the original Complaint, in violation of Local Rule 15.1, which prohibits the incorporation of prior pleadings by reference. See, D. Minn. LR 15.1. The Plaintiff's Amended Complaint, which named only "Fabian, et al.," and Smith, as Defendants, was served by the United States Marshal Service on Commissioner Joan Fabian ("Fabian"), and Smith, on October 9, 2009, see, Docket Nos. 77 and 83, and, on October 29, 2009, Fabian and Smith jointly filed a Motion to Dismiss as their response to the First Amended Complaint. See, Docket 61.

The Marshal Service completed service of process of the First Amended Complaint on David Crist ("Crist") on December 4, 2009, and Bruce Julson

("Julson"), Warden John King ("King"), David Reishus ("Reishus"), Norris Blackmon ("Blackmon"), Eddie Miles ("Miles"), and Gregory Skrypek ("Skrypek"), on December 7, 2009. See, <u>Docket Nos. 78-82 and 84-85</u>. None of those individuals were named in the First Amended Complaint, see, <u>Docket No. 11</u>, and they were not served with the original Complaint. See, <u>Affidavit of Kobie Hudson ("Hudson Aff."), Docket No. 98</u>; <u>Affidavit of Lisa Rudeen ("Rudeen Aff."), Docket No. 99</u>. As a consequence, in response to the other Motions of the Plaintiff, those individuals entered a Special Appearance. See, <u>Notice of Special Appearance, Docket No. 96</u>.

By way of additional background, the Plaintiff is incarcerated at the Minnesota Correctional Facility, in Stillwater, Minnesota ("MCF-Stillwater"). Reading his pleadings indulgently, the Plaintiff alleges that he is a practicing Muslim, and that he filed this action in order to challenge Minnesota Department of Corrections ("DOC") Directive 302.300, which contains a number provisions that relate to religious practices, and in order to challenge an MCF-Stillwater policy which relates to his daily prayers, and to the meals provided to him at MCF-Stillwater. In the First Amended Complaint, the Plaintiff alleged that Fabian, and Smith, violated his Free Exercise under the First Amendment, the Religious Land Use and Institutionalized Persons Act, <u>Title 42 U.S.C. §2000cc, et seq.</u> ("RLUIPA"), and the Minnesota

- 3 -

Constitution's "Freedom of Conscience Clause," as well as his right to the equal protection of the law, which arises from the restrictions on his religious practices. See, Docket No. 11.

The Plaintiff filed a Second Motion to Amend on September 21, 2009, so as to add numerous Defendants, and claims against them, see, Docket No. 42, which we granted, in part, by our Order of March 30, 2010. See, Docket No. 109. In subsequent filings, the Plaintiff sought to make a final amendment to his pleading, which we granted in our Order of April 19, 2010. See, Order, Docket No. 117. We directed the Plaintiff to file his Final Amended Complaint, which the Plaintiff filed on May 3, 2010. See, Amended Complaint, Docket No. 120.

### III. Discussion

Since they involve different factual and legal considerations, we separately address Jihad's Motions for Default, and his Motion for a "Protection Order."

A.  Jihad's Motions for Default. In his Motions for Entry of Default, and for Default Judgment, Jihad seeks a Default Judgment against Crist, Miles, King, Julson, Reishus, Skrypek, and Blackmon, who were served with the First Amended Complaint in early December, but did not file Answers, or other responsive pleadings within twenty (20) days of being served. See, Motion for Entry of Default, Docket

No. 91, at p. 1; Motion for Default Judgment, Docket No. 101. In their Memorandum in Opposition to the Motion for an Entry of Default, Crist, Miles, King, Julson, Reishus, Skrypek, and Blackmon, assert that, in addition to other deficiencies, they were not served with a Complaint which named them as Defendants in the action. See, Memorandum in Opposition to Default, Docket No. 97, at p. 1; Rudeen Aff, supra; Hudson Aff., supra. As a consequence, Crist, Miles, King, Julson, Reishus, Skrypek, and Blackmon, contend that they had no obligation to file responsive pleadings, and did not default, by failing to do so. We agree.

When Jihad filed his First Amended Complaint, that pleading replaced and superseded the original Complaint, rendering the original Complaint a legal nullity. See, In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005)("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."), cert. denied, 546 U.S. 822 (2005); see also, Najjar v. Caraway, 2006 WL 1004341 at *1 (D. Minn., April 13, 2006); Straeten v. Roper, 2009 WL 2757052 at *1 n. 1 (E.D. Mo., August 26, 2009); Thurber v. Nebraska, 2006 WL 3392191 at *1 n. 2 (D. Neb., October 26, 2006). As a result, only the allegations, claims, and named Defendants, that were included in the First Amended Complaint, were operative at the time that

Jihad filed his Motions for Entry of Default and Default Judgment. See, <u>Straeten v. Roper</u>, supra at *2 n. 2; <u>Stockdale v. Stockdale</u>, 2009 WL 367551 at *1 (E.D. Mo., February 11, 2009). In addition, Jihad's inclusion of "Fabian, et al.," in the caption of the First Amended Complaint, was insufficient to incorporate those Defendants, who had previously been named in the now-defunct original Complaint. See, <u>D. Minn. LR 15.1</u> ("Any amendment to a pleading * * * may **not** incorporate any prior pleading by reference.")[emphasis added].

While previously, we indulgently read the original Complaint, and the First Amended Complaint together, for purposes of Jihad's first Motion for a Temporary Restraining Order, see, <u>Report and Recommendation, Docket No. 86</u>, at p. 3 n. 2 (noting that Local Rule 15.1 prohibited amended pleadings from incorporating previous pleadings by reference, but reading Jihad's pleadings together **for purposes of that Motion**), the Record demonstrates that **only** the First Amended Complaint, which did not name any parties other than Smith, and Fabian, see, <u>First Amended Complaint</u>, supra, was served upon Blackmon, Crist, Julson, King, Miles, Reishus, and Skrypek, thus affording those individuals no notice of the claims that Jihad attempted to raise against them.

In this case, serving Blackmon, Crist, Julson, King, Miles, Reishus, and Skrypek, with the first Amended Complaint, which did not name them as Defendants in the caption, and which also did not list them in the "Defendants" section of the pleading, was equivalent to not serving those individuals at all. See, e.g., Hawthorne v. Citicorp Data Systems, Inc., 219 F.R.D. 47, 50 (E.D.N.Y.)("It is an elementary component of due process that a defendant have notice of an action brought against it, and a defendant not named in the caption of a complaint has been deprived of an important component of that notice."). As a consequence, since Jihad had failed to execute proper service of process upon Blackmon, Crist, Julson, King, Miles, Reishus, and Skrypek, such that they had no proper notice of the claims he sought to raise against them, when he filed his Motions for Entry of Default and Default Judgment, we recommend that the Motions be denied. See, Semler v. Klang, 603 F. Supp.2d 1211, 1226 (D. Minn. 2009)("Proper service of process is necessary because, '[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'"), quoting Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993), citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993); see also, Walker v. Arkansas Dep't of Comm. Corr., 2010 WL 143940 at *1 (E.D. Ark., January 12, 2010)("Because this court lacks jurisdiction over a

defendant that is improperly served, the clerk's default judgment is void and should be set aside.").

B. <u>Jihad's Motion for a "Protection Order"</u>. Jihad's self-styled Motion for a "Protection Order" is best construed as a Motion for Preliminary Injunctive Relief, or a Temporary Restraining Order, as it seeks a prospective Order, which would prohibit the Defendants, and others, from retaliating against him. See, <u>Motion for Protection Order, Docket No. 106</u>; <u>Westar Energy, Inc. v. Lake</u>, 552 F.3d 1215, 1222 (10th Cir. 2009)(an Order that directed a party to "do two things prior to any adjudication on the merits," under the Court's equitable authority, was a preliminary injunction). Specifically, Jihad complains of the conduct of the staff at MCF-Stillwater, who are not named as Defendants in this action.

We conclude that a Temporary Restraining Order is inappropriate under the circumstances presented here. Rule 65, Federal Rules of Civil Procedure, provides that a Temporary Restraining Order may only be granted if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or that party's attorney can be heard in opposition; and (B) the movant's attorney certifies in writing

any efforts made to give the notice and the reasons why it should not be required." Rule 65(b), Federal Rules of Civil Procedure.

Alternatively, Courts can issue Preliminary Injunctions and, while Rule 65 does not expressly enumerate the requisite elements of proof which would warrant the issuance of a Preliminary Injunction, the Courts have listed the critical showings as follows:

> 1) threat of irreparable harm to the movant;
>
> 2) the balance between the injury and the harm that the preliminary injunction will cause to the other parties;
>
> 3) the movant's probability of success on the merits; and
>
> 4) the public interest.

Vonage Holdings Corp. v. Nebraska Public Service Commission, 564 F.3d 900, 904 (8th Cir. 2009), quoting Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981); Stuart Hall Co.,Inc. v. Ampad Corp., 51 F.3d 780, 783 n. 2 (8th Cir. 1995), citing Calvin Klein Cosmetics Corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987); Emerson Electric Company v. Rodgers, 418 F.3d 841, 844 (8th Cir. 2005).

Despite the clear preconditions to any award of the type of equitable relief that Jihad seeks here, he has failed to demonstrate, by Affidavit or by a Verified or Certified Complaint, that he will suffer any immediate or irreparable injury, loss, or damage, if the Court were not immediately to issue an Order of Injunction.

Instead, Jihad's Affidavit, and Memorandum in Support, simply discuss his past injuries, owing to the alleged harassment by individuals who are not Defendants in this action, assertedly directed toward his job assignments, disciplinary actions, and the confiscation of two (2) photographs from his cell. The purpose of a TRO or Preliminary Injunction is to prevent future irreparable harm, not to correct past wrongs and, while Jihad argues that he fears that the staff at MCF-Stillwater will "resort to such adverse conduct of planting drugs or a weapon" in his cell, see, <u>Affidavit of Hanifi Marlow Jihad, Docket No. 107</u>, at p. 6, he has made no credible showing that such retaliation is imminent, and his belief is, in fact, nothing more than unsupported surmise, and conjecture, about individuals who are not parties to this action. Accordingly, we recommend that the Plaintiff's Motion for Injunctive Relief be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Motion for Entry of Default [Docket No. 91] be denied.

2. That the Plaintiff's Motion for Default Judgment [Docket No. 101] be denied.

3. That the Plaintiff's Motion for a Protective Order [Docket No. 106] be denied.

Dated: June 15, 2010          *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 29, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 29, 2010**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.