UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Hanifi Marlow Jihad,

    Plaintiff,

v.

Commissioner Joan Fabian et al,

    Defendants,

Civil No. 09-1604 (SRN/LIB)

**REPORT AND RECOMMENDATION**

---

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Enforce Settlement. The motion has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's motion be denied.

### I. BACKGROUND

Plaintiff Hanifi Marlow Jihad is currently serving a life sentence following a conviction for first degree murder. See State v. Jones, 556 N.W.2d 903, 905 (Minn. 1996) (affirming conviction). Jihad is currently incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota (MCF-Stillwater). (Final Am. Compl. [Docket No. 120] ¶ 3).

Jihad identifies as a practicing Muslim, and in this lawsuit, he alleged that prison officials had unlawfully burdened and infringed upon his right to freely practice his religion. Jihad brought his claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 et seq.; under Section 1983 for violations of the free exercise clause of the First Amendment and the Equal Protection clause of the Fourteenth Amendment; and under the Minnesota Constitution.

On February 17, 2011, the undersigned issued a Report and Recommendation recommending that some claims against some defendants be dismissed and that Defendants be granted summary judgment on some claims, thus dismissing all claims with the exception of Plaintiff's halal meals claim against Defendants Smith, Fabian, and Reishus. (See Report and Recommendation [Docket No. 194] at 46). On May 2, 2012, the Honorable Susan Richard Nelson issued an order adopting the Report and Recommendation and dismissing all claims except for the halal meals claim against Defendants Smith, Fabian, Reishus. (See Order [Docket No. 198] at 20).

The matter was then scheduled for a settlement conference, during which the parties reached an agreement, and a stipulation of dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a), was filed on September 30, 2011. (See Stipulation [Docket No. 205]). Several days later, the Court issued an order dismissing the case, which stated in its entirety:

> Pursuant to Federal Rule of Civil Procedure 41(a), the parties, by their respective counsel, have stipulated and agreed to the dismissal with prejudice of the above referenced action and that the parties shall bear their own costs and attorney fees.
>
> Based upon that stipulation, **IT IS HEREBY ORDERED** that the above referenced action is dismissed with prejudice and without award of costs or attorney fees to any party.

(Order [Docket No. 206] at 1).[1]

## II. DISCUSSION

Plaintiff now brings the present motion pursuant to Federal Rules of Civil Procedure 69(a) and 70, alleging that "Defendants have been non-compliant in implementing the agreement." (Br. in Supp. of Mot. for Execution [Docket No. 210] at 3). Plaintiff also asserts that "Defendants have violated the settlement in modifying the execution of the agreement by

---

[1] Additional factual details regarding the nature of the claims in this suit and the relevant background of the case have been fully explained in the Court's prior Report and Recommendation, (see Docket No. 194), and the Court incorporates those facts here by reference.

permitting non-parties to write policy, alter, or do as they feel." (Id. at 4). He asks that the Court "find Defendants in violation of the agreement[,] enforce the settlement agreement, [and] find the [D]efendants in Contempt of Court pursuant to Rules 69(a) and 70." (Id.)

In their response to the motion, Defendants did not address Plaintiff's claim on the merits but, instead, argued that the Court lacked jurisdiction over Plaintiff's claims. (Defs.' Mem. Opposing Mot. [Docket No. 213] at 2). The Court agrees with Defendants.

Federal Rule of Civil Procedure 69(a) pertains to the execution of money judgments and obtaining discovery in aid of executing the judgment. Here, however, the judgment entered merely stated that the action "is dismissed with prejudice and without award of costs or attorney fees to any party." (See Judgment [Docket No. 207] at 1). As such, there is no money judgment to execute or enforce. Likewise, Federal Rule of Civil Procedure 70, which pertains to enforcing a judgment for a specific act, is inapplicable in this case because the judgment entered in the case did not require any party to perform any specific act.

In the leading case on the issue, the United States Supreme Court explained that "[e]nforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). The Court explained that where a suit merely involves a claim for a breach of a contract, "part of the consideration for which was dismissal of an earlier federal suit[, n]o federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute." Id. at 381.

Thus, "[a]bsent action making the settlement agreement part of a dismissal order, 'enforcement of the settlement agreement is for state courts, unless there is some independent

basis for federal jurisdiction.'" Miener By and Through Miener v. Missouri Dept. of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995). Here, the Court did not make the settlement agreement part of the dismissal order, the Court did not state that it would retain jurisdiction over the matter for a certain period of time, nor did the Court make the obligation to comply with the settlement agreement part of the dismissal order. (See Order Dismissing Case [Docket No. 206]). The mere approval of a settlement agreement does not confer jurisdiction upon the Court. Miener, 62 F.3d at 1128.

"Because the [Court lacks] ancillary jurisdiction and any independent basis for federal jurisdiction, [Plaintiff] must seek enforcement of the settlement agreement in state court." Id.; Allan v. Benson, No. 10-176 (ADM/JJK), 2012 WL 2087165, at *3 (D. Minn. Apr. 5, 2012) (Report and Recommendation), adopted, 2012 WL 2087163 (D. Minn. Jun. 8, 2012).

For the reasons stated above, the Court finds that it lacks jurisdiction over Plaintiff's claim, and Plaintiff's motion to enforce a settlement agreement must be denied.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Motion to Enforce Settlement [Docket No. 209] be **DENIED** as more fully described above.

Dated: September 7, 2012  　　　　　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　LEO I. BRISBOIS
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 21, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.