# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Hanifi Marlow Jihad,<br><br>   Plaintiff,<br><br>v.<br><br>Joan Fabian, et al.,<br><br>   Defendants. | Case No. 09-cv-1604 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Hanifi Marlow Jihad, #181136, 970 Pickett Street North, Bayport, MN 55003, pro se Plaintiff.

Angela Behrens, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101-2127, on behalf of Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Hanifi Marlow Jihad's Response and Objections [Doc. No. 222] to United States Magistrate Judge Leo I. Brisbois's September 7, 2012, Report and Recommendation ("R & R") [Doc. No. 214]. The Magistrate Judge recommended that Plaintiff's Motion to Enforce Settlement [Doc. No. 209] be denied. (Report and Recommendation dated Sept. 7, 2012 ("R & R"), at 4 [Doc. No. 214].) For the reasons set forth below, Plaintiff's objections are overruled and the Court adopts the R & R.

## II. BACKGROUND

The factual and procedural background of Plaintiff's case is well documented in the Magistrate Judge's R & R and is incorporated herein by reference.[1] Briefly stated, Plaintiff is a Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility at Stillwater. (Final Am. Compl. ¶ 3 [Doc. No. 120].) In this lawsuit, Plaintiff alleged that prison officials infringed his right to freely practice his religion, and he asserted claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-1 et seq.; 42 U.S.C. § 1983; and the Minnesota Constitution. (Id. at 1-2.)

On May 2, 2011, this Court granted summary judgment on all of Plaintiff's claims, with the exception of Plaintiff's halal meals claim against Defendants Michelle Smith, Joan Fabian, and David Reishus. (Order dated May 2, 2011, at 20 [Doc. No. 198].) The Court also ordered the parties to engage in a settlement conference with the Magistrate Judge. (See id.) The parties reached an agreement on September 30, 2011 ("Settlement Agreement").[2] Relevant to the current matter before the Court, the Settlement Agreement provides that "[i]n consideration of the State's obligations . . . , [Plaintiff] will dismiss, with prejudice, all claims that the Court has not previously dismissed in this lawsuit," and that the release of claims against Defendants would occur "upon executing th[e] agreement."

---

[1] The Court recites background facts only to the extent necessary to rule on Plaintiff's objections.
[2] None of the parties submitted a copy of the Settlement Agreement to the Court in this case. However, Plaintiff filed a Notice of Un-Lawful Use of Settlement Agreement by Defendants [Doc. No. 224] in which he noted that a copy of the Settlement Agreement had been filed in another action pending in this District: Jabbar v. Contingency Work Force, Civ. No. 12-2460 (PAM/AJB). The agreement is attached as Exhibit 1 to the Affidavit of Aaron Pouncy in that matter [Doc. No. 32]. The Court was, therefore, able

(Settlement Agreement and Release of Claims dated Sept. 30, 2011, at 3–4.) In addition, the Agreement states that "it may be used to secure the dismissal, with prejudice, of th[e] . . . lawsuit," and that "[a]ny action concerning the enforcement of th[e] agreement shall be filed in Ramsey County District Court in St. Paul, Minnesota." (Id. at 5–6 (emphasis added).) Finally, the Agreement states that it "constitutes the entire agreement between [Plaintiff] and the defendants," (id. at 4); and that the parties "had a full and fair opportunity to discuss and negotiate the terms of the agreement[,] . . . fully understand the provisions of th[e] agreement[,] . . . have determined that entering th[e] agreement is in their best interests[,] . . . and . . . enter into th[e] agreement knowingly and voluntarily," (id. at 6). The signature block contains Plaintiff's name and a signature. (See id. at 6.)

The parties then filed a Stipulation for Dismissal with Prejudice [Doc. No. 205] that states in its entirety: "Pursuant to Federal Rule of Civil Procedure 41(a), the parties, by their respective counsel, hereby stipulate and agree to the dismissal with prejudice of the above-referenced action and that each party shall bear their own costs." On October 3, 2011, the Court entered the following Order [Doc. No. 206] dismissing the case with prejudice:

> Pursuant to Federal Rule of Civil Procedure 41(a), the parties, by their respective counsel, have stipulated and agreed to the dismissal with prejudice of the above-referenced action and that the parties shall bear their own costs and attorney fees.
>
> Based upon that stipulation, **IT IS HEREBY ORDERED** that the above-referenced action is dismissed with prejudice and without award of costs or attorney fees to any party.

The Clerk entered judgment accordingly [Doc. No. 207].

---

to obtain a copy of the Settlement Agreement.

Plaintiff now claims that Defendants have failed to comply with the Settlement Agreement's terms regarding the provision of halal meals.  He filed a Motion to Enforce Settlement on July 27, 2012 [Doc. No. 209], along with a supporting memorandum [Doc. No. 210] and affidavit [Doc. No. 211].[3]  Plaintiff asks the Court to enforce the terms of the Settlement Agreement pursuant to Rules 69(a), 70, and 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1651(a), and he requests that the Court hold a civil contempt hearing pursuant to Rule 43(a).  (See Brief in Supp. of Mot. for Execution, at 3–6 [Doc. No. 210].)  He also asserts that he "is being deprived his [r]ight to exercise his statutory and constitutional [r]ights due to his successful litigation," and that he "is being retaliated against by Defendants."  (Id. at 6–7.)  Defendants filed an opposition memorandum on August 3, 2012, arguing that the Court lacks jurisdiction over the issues raised in Plaintiff's motion.  (Defs.' Mem. Opposing Mot. to Enforce Settlement Agreement, at 1–3 [Doc. No. 213].)

The motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, and the Magistrate Judge issued his R & R on September 7, 2012.  (R & R at 1 [Doc. No. 214].)  He found that neither Rule 69(a) nor Rule 70 of the Federal Rules of Civil Procedure is applicable to Plaintiff's case because there is no money judgment, or judgment for a specific act, to enforce.  (Id. at 3.)  He concluded that the Court lacks jurisdiction over Plaintiff's motion because the Settlement Agreement was not made

---

[3] While Plaintiff was represented by counsel during the settlement negotiations, he terminated that representation in May 2012, prior to filing his Motion to Enforce Settlement. (See Stip. for Dismissal with Prejudice [Doc. No. 205]; Letter from Pl. to Mag. J. Brisbois dated May 17, 2012 [Doc. No. 208]; Jihad Aff. ¶ 2 [Doc. No. 211].)

4

part of the dismissal order and, therefore, recommended that the motion be denied. (Id. at 3–4.)

### III. DISCUSSION

#### A. Standard of Review

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B. Objections

Plaintiff objects to the Magistrate Judge's conclusion that the Court lacks jurisdiction to enforce the Settlement Agreement. (See Pl.'s Resp. and Objections to Magistrate's R & R ("Pl.'s Objs."), at 1 [Doc. No. 222].) Plaintiff states that he "was under the impression" that the Court would retain such jurisdiction, that his counsel signed the document dismissing the case without his approval, and that he never would have consented to dismissing the action. (Id. at 1–2.) He asks both that the Court retain jurisdiction until Defendants comply with the terms of the Settlement Agreement and that the Settlement Agreement be withdrawn and the matter scheduled for trial. (Id. at 2.) In response, Defendants argue that the Court should adopt the R & R because Plaintiff has not identified any factual or legal errors therein. (Defs.' Resp. to Pl.'s Objections to Sept. 7, 2012 R & R, at 1 [Doc. No. 223].)

The Court will address the merits of Plaintiff's Motion to Enforce Settlement and Plaintiff's request that the Settlement Agreement be withdrawn, the latter of which the

5

Court construes as a request for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[4]

### 1. Motion to Enforce Settlement Agreement

Plaintiff generally objects to the Magistrate Judge's determination that the Court lacks subject matter jurisdiction to enforce the Settlement Agreement. (Pl.'s Objs. at 1 [Doc. No. 222].) However, as noted by the U.S. Supreme Court and the Magistrate Judge, "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). Ancillary jurisdiction to enforce a settlement agreement will exist "if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal—either by separate provision . . . or by incorporating the terms of the settlement agreement in the order." Id. at 381. If the settlement agreement is not made a part of the dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382; see Miener v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1127–28 (8th Cir. 1995) (remanding for dismissal of an enforcement proceeding because the original dismissal order did not retain jurisdiction over, or incorporate, the settlement agreement).

---

[4] Because Plaintiff does not raise any objections related to his original request for a civil contempt hearing or the assertions in his initial moving papers that he is being deprived of certain constitutional rights and retaliated against by Defendants, this Court will not address those issues.

The Magistrate Judge properly concluded that the Court lacks jurisdiction to enforce the Settlement Agreement. First, the Order dismissing the case does not state that the Court retains jurisdiction to enforce the Settlement Agreement, nor does it incorporate the terms of the Settlement Agreement. In fact, the Order does not reference settlement at all. Rather, the Order references the parties' stipulation, and that document also does not refer to settlement. Because the Settlement Agreement was not made a part of the Court's Order dismissing the case, the Court does not have ancillary jurisdiction over its enforcement. Likewise, Plaintiff has not demonstrated the existence of any independent basis for federal jurisdiction over this breach of contract claim.

Second, the Settlement Agreement itself requires that any action concerning its enforcement must be filed in Minnesota state court (specifically, Ramsey County District Court in St. Paul, Minnesota). In addition, the Settlement Agreement states that it constitutes the entire agreement between the parties, that Plaintiff fully understood the terms, and that Plaintiff entered into the agreement knowingly and voluntarily. Thus, while Plaintiff contends that he had a different understanding of the terms of the agreement, the plain language of the document—which Plaintiff signed—contradicts Plaintiff's argument. Accordingly, the Court must deny Plaintiff's motion.

### 2. Request for Rule 60(b) Relief

In addition to his request that the Court enforce the Settlement Agreement, Plaintiff argues in his objections to the R & R that the Settlement Agreement should be withdrawn. (See Pl.'s Objs. at 2 [Doc. No. 222].) A district court that lacks ancillary jurisdiction to enforce a settlement agreement may nevertheless grant relief from a final

judgment of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. 4:20 Commc'ns, Inc. v. The Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003). Rule 60(b) provides for relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, "'relief . . . may be granted only upon an adequate showing of exceptional circumstances.'" Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (citation omitted).

Plaintiff has not demonstrated exceptional circumstances in this case. He first argues that he "was under the impression" that the Court would retain jurisdiction to enforce the Settlement Agreement. While relief under Rule 60(b) may be appropriate when dismissal is "based upon the parties' mistaken belief they have agreed to a settlement," it is not appropriate where neither party denies the case was settled. 4:20 Commc'ns, Inc., 336 F.3d at 779. Here, Plaintiff's mistaken impression does not go to the fact of settlement, but rather to his ability to enforce the terms of the settlement. That dispute does not warrant relief under Rule 60(b). See id. (finding that Rule 60(b) relief was inappropriate where neither party denied that the case was settled but instead asked the court to interpret the terms of the settlement, which were not incorporated into the final judgment).

Plaintiff next argues that his counsel lacked approval to sign the stipulation for dismissal. "Although an attorney is presumed to possess authority to act on behalf of the client, 'a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.'" Surety Ins. Co. of Ca. v. Williams, 729 F.2d 581, 582–83 (8th Cir. 1984) (quoting Bradford Exch. v. Trein's Exch., 600 F.2d 99, 102 (7th Cir. 1979) (per curiam)). The party seeking relief "carr[ies] a heavy burden to establish that th[e] attorney acted without any kind of authority in agreeing to the entry of judgment"—i.e., actual, implied, or apparent authority. Id. at 583. Plaintiff has not submitted any affirmative proof that his attorney lacked authority to consent to the entry of judgment dismissing this case, and the facts demonstrate the contrary. Plaintiff—not his attorney—signed the Settlement Agreement, which provided that Plaintiff's claims against Defendants would be released upon execution of the agreement and that Plaintiff would dismiss, with prejudice, his claims against Defendants. Thus, the facts support the presumption that Plaintiff's attorney had authority to act on his behalf.

Finally, Plaintiff argues that he never would have consented to the dismissal of this case. However, as discussed above, Plaintiff himself signed the Settlement Agreement, and the Settlement Agreement stated that his claims against Defendants were released upon execution of the agreement. Because Plaintiff represented in the agreement that he fully understood its terms and that he entered into it knowingly and voluntarily, his argument that he never would have consented lacks any support.

Plaintiff has failed to demonstrate the existence of any exceptional circumstances warranting relief under Rule 60(b). Accordingly, the Court denies Plaintiff's request to withdraw the Settlement Agreement and proceed to trial.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Response and Objections [Doc. No. 222] to the Magistrate Judge's Report and Recommendation [Doc. No. 214] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Doc. No. 214] is **ADOPTED**; and

3. Plaintiff's Motion to Enforce Settlement [Doc. No. 209] is **DENIED**.

Dated: October 23, 2013               s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge